1  DAVID ROGER
   District Attorney
2  **CIVIL DIVISION**
   State Bar No. 002781
3  By: **LUCINDA L. COUMOU**
   Chief Deputy District Attorney
4  State Bar No. 005348
   500 South Grand Central Parkway
5  P. O. Box 552215
   Las Vegas, Nevada  89155-2215
6  (702) 455-4761
   Fax (702) 382-5178
7  Attorneys for **CLARK COUNTY**

8

9              UNITED STATES DISTRICT COURT

10                  DISTRICT OF NEVADA

11  GARY W. McCLAIN,                )
                                    )
12              Plaintiff,          )   Case No:   2:10-cv-2117-LDG-LRL
                                    )
13       vs.                        )
                                    )
14  CLARK COUNTY, a political subdivision )
    of the State of Nevada,         )
15                                  )
                Defendant.          )
16  _____ )

17          **REQUEST FOR EXCEPTION FROM**
            **ENE ATTENDANCE REQUIREMENT**
18
    TO:  UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA,
19       ROBERT J. JOHNSTON, United States Magistrate Judge;

20  TO:  GARY McCLAIN, Plaintiff;

21  TO:  ROBERT P. SPRETNAK, ESQ., his attorney;

22  TO:  DAVID W. GUTKE, ESQ., his attorney;

23       Defendant CLARK COUNTY, through its attorney DAVID ROGER, District

24  Attorney, by LUCINDA L. COUMOU, Chief Deputy District Attorney, in accordance with

25  the Court's April 11, 2011, Order Scheduling An Early Neutral Evaluation Hearing, requests

26  exception to the attendance requirements set forth therein as follows:

27  / / /

28  / / /

Request for Exception - *McClain*              Page 1 of 4

1    Defendant CLARK COUNTY is a named party to this action. CLARK COUNTY is
2 governed by a publicly-elected body whose actions are governed by the notice and hearing
3 requirements of the Nevada Open Meeting Law. NRS 241.010 et seq.
4    The Order Scheduling An Early Neutral Evaluation Hearing requires that in the case
5 of non-individual parties, a representative, with binding authority to settle this matter up to
6 the full amount of the claim, be present in court for the duration of the ENE session. There
7 is no individual representative of Clark County who has binding authority to settle this
8 matter. Settlement of this matter would require a publicly noticed meeting of the Board of
9 County Commissioners, inviting public comment, and including public discussion and a
10 public vote of the majority of the Commissioners. The presence of the Board of County
11 Commissioners at the ENE session would be a violation of the Nevada Open Meeting Law.
12    Defendant CLARK COUNTY therefore requests that it be granted an exception to the
13 ENE session attendance requirements, and that it be allowed to have present at the ENE
14 session, Les Lee Shell. Ms. Shell is a Principal Management Analyst in the Department of
15 Finance for Defendant CLARK COUNTY and is the Clark County representative with
16 authority to settle cases up to and including the sum of $10,000. Ms. Shell is also the Clark
17 County representative who makes recommendations regarding litigation settlement and/or
18 resolution in excess of that amount, as necessary, to the Board of County Commissioners.
19    Although the ENE session pursuant to Special Order 102 is not a settlement
20 conference, by analogy, the authority of the Court to schedule a settlement conference, found
21 in FRCP 16(c)(9), was added with the 1993 amendments to the Federal Rules. The issue of
22 representation by a public body defendant at a settlement conference was addressed by the
23 Advisory Committee to the 1993 amendments. The Advisory Committee noted with regard
24 to ordering the appearance of a governmental entity, as follows:

> Particularly in litigation in which governmental agencies or large amounts of money are involved, there may be no one with on-the-spot settlement authority, and the most that should be expected is **access to a person who would have a major role in submitting a recommendation to the body** or board with ultimate decision-making authority. The selection of the appropriate representative should ordinarily be left to the party and its counsel.

Advisory Committee Note to 1993 Amendments to FRCP 16(c)(9).  (Emphasis added.)

The only individuals who can provide authority to settle for a monetary amount in excess of Ms. Shell's authority, are the members of the Board of County Commissioners, acting upon a majority vote of its membership.  If more monetary authority is required than is vested in Ms. Shell, then Ms. Shell is required to seek the authorization of the Board of County Commissioners.  The Board of County Commissioners can only act to provide such authorization through a vote taken on a properly-noticed agenda item at a publicly-noticed public meeting, which includes a period devoted to public comment and the distribution of supporting documentation.  NRS 241.020.  Such a meeting is not conducive to the purpose and scope of the ENE session, as specified in Special Order 102.

## CONCLUSION

Based upon the foregoing, Defendant CLARK COUNTY requests an exception to the attendance requirements for the Early Neutral Evaluation Hearing to allow the attendance of Les Lee Shell, Principal Management Analyst in the Department of Finance for Defendant CLARK COUNTY, as the authorized representative of Defendant CLARK COUNTY.

RESPECTFULLY SUBMITTED this __19th__ day of May 2011.

DAVID ROGER
DISTRICT ATTORNEY

By: _____
LUCINDA L. COUMOU
Chief Deputy District Attorney
**CIVIL DIVISION**
State Bar No. 005348
500 S. Grand Central Pkwy. 5th Flr.
P. O. Box 552215
Las Vegas, Nevada 89155-2215
Attorney for Defendant **Clark County**

```
GRANTED.  IT IS SO ORDERED.
_____
UNITED STATES MAGISTRATE JUDGE
DATE: MAY 23, 2011
```