# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| GARY W. McCLAIN<br><br>       Plaintiff,<br><br>v.<br><br>COUNTY OF CLARK, a political subdivision of the State of Nevada,<br><br>       Defendant. | 2:10-cv-02117-LDG-LRL<br><br>**ORDER** |

Plaintiff Gary McClain brought this action against Clark County seeking compensatory and punitive damages based on alleged workplace discrimination that resulted in his termination. McClain seeks relief based on two federal causes of action and two state causes of action pertaining to age, race, and national origin discrimination. Clark County moves for summary judgment on all of McClain's claims (#37), which motion McClain opposes (#42). The prima facie elements raised by Clark County's motion are whether McClain performed his job satisfactorily and whether McClain's employer treated him differently than a similarly situated employee who does not belong to the same protected class as the plaintiff. For the reasons stated herein, the court grants Defendant's Motion.

## Standard of Review

In considering a motion for summary judgment, the court performs "the threshold inquiry of determining whether there is the need for a trial-whether, in other words, there are any genuine

factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *United States v. Arango*, 670 F.3d 988, 992 (9th Cir. 2012).  To succeed on a motion for summary judgment, the moving party must show (1) the lack of a genuine issue of any material fact, and (2) that the court may grant judgment as a matter of law.  Fed. R. Civ. Pro. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Arango*, 670 F.3d at 992.

A material fact is one required to prove a basic element of a claim.  *Anderson*, 477 U.S. at 248.  The failure to show a fact essential to one element, however, "necessarily renders all other facts immaterial."  *Celotex*, 477 U.S. at 323.  Additionally, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient."  *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 638 (9th Cir. 2012) (quoting *Anderson*, 477 U.S. at 252).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex*, 477 U.S. at 322.  "Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  *Id.* at 323.  As such, when the non-moving party bears the initial burden of proving, at trial, the claim or defense that the motion for summary judgment places in issue, the moving party can meet its initial burden on summary judgment "by 'showing'-that is, pointing out to the district court-that there is an absence of evidence to support the nonmoving party's case."  *Id.* at 325.  Conversely, when the burden of proof at trial rests on the party moving for summary judgment, then in moving for summary judgment the party must establish each element of its case.

Once the moving party meets its initial burden on summary judgment, the non-moving party must submit facts showing a genuine issue of material fact. Fed. R. Civ. Pro. 56(e); *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1103 (9th Cir. 2000). As summary judgment allows a court "to isolate and dispose of factually unsupported claims or defenses," *Celotex*, 477 U.S. at 323-24, the court construes the evidence before it "in the light most favorable to the opposing party." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). The allegations or denials of a pleading, however, will not defeat a well-founded motion. Fed. R. Civ. Pro. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). That is, the opposing party cannot " 'rest upon the mere allegations or denials of [its] pleading' but must instead produce evidence that 'sets forth specific facts showing that there is a genuine issue for trial.' " *Estate of Tucker v. Interscope Records*, 515 F.3d 1019, 1030 (9th Cir. 2008) (quoting Fed. R. Civ. Pro. 56(e)).

**Background**

McClain is a Caucasian male, born in 1942. He began working for Clark County on January 3, 1995, as an Off-Site Inspector in the Community Development Division of Clark County Department of Public Works. In 1996, McClain was reclassified as a Construction Management Inspector. From 1995 to 2005, McClain received performance ratings of "meritorious" or "exceeds meritorious," the highest rankings for performance evaluations. Additionally, every year during this period McClain received a merit salary adjustment of at least four percent in recognition of his performance. Furthermore, he only received one Written Reprimand during this period for insubordinate conduct.

In 2005, Clark County promoted Art Alvarez, rather than McClain, from Inspector to Assistant Manager of Off-Site Construction. After Alvarez's promotion, McClain received the following reprimands: July 22, 2005 - Documented Oral Warning for working unauthorized overtime; August 15, 2005 - Admonishment for failing to follow existing procedures regarding

meal breaks and for failing to correctly account for personal time off on long meal breaks; August 29, 2005 - Admonishment for falsification of records, both in his daily diary and in the inspection history for a construction project, including indicating he performed an inspection when he had not been there at all per the GPS records; December 13, 2005 - Written Reprimand for failure to follow the approved plans on a construction project and for approving structures to be built without proper structural review; and April 18, 2006 -Written Reprimand for, among other things, failure to follow approved construction plans, standards, and specifications.

In addition, after Alvarez's promotion, McClain received several adverse performance evaluations. McClain's Employee Performance Report for 2005 indicated McClain had made field judgment calls that did not comply with approved plans for multiple projects under his control over that year and McClain was not meeting job standards in the category of "Policy and Procedures." McClain's Employee Performance Report for 2006 indicated McClain was not meeting expectations in two categories: Interpretation of Blue Prints/Schematics/Written Materials and in Judgment. Also, the report indicated McClain's performance was below minimum expectations. McClain's Employee Performance Report for 2007 indicated he was continuing to make field judgment calls and problem solving techniques that had not complied with approved plans or Clark County Specifications for multiple projects under his control.

After Alvarez's promotion, Alvarez and Michael Robinson, McClain's supervisor, made remarks concerning McClain's age and national origin. At a department payday meeting, Alvarez referred to McClain as an "old dog." Also, Alvarez made a reference to the effect of McClain being a "crazy Canadian." In addition, either Alvarez or Robinson stated that McClain was "too old" to attend EMSA and American Concrete Institute training classes.

On March 11, 2008, Robert Thompson, then Assistant Director of Development Services, recommended Plaintiff's termination based on an extensive review of Plaintiff's daily diaries, scheduled inspections, and GPS records that yielded numerous inconsistencies. Clark County

terminated McClain on March 21, 2008.  McClain was then 66 years old and had been employed with Clark County for over 13 years.

**Analysis**

McClain claims that Clark County discriminated against him on the basis of age in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 623, *et seq.*, and on the basis of race and national origin in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(a).  The ADEA makes it unlawful "to discharge any individual or otherwise discriminate against any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1).  Title VII makes it unlawful for an employer to "discharge any individual, or otherwise discriminate against any individual . . . because of such individual's race . . . or national origin." 42 U.S.C. § 2000e-2(a).  Additionally, McClain alleges Clark County unlawfully discriminated against him because of his age, race, and national origin in violation of NRS 613.330.

McClain has not produced direct evidence of age, race, or national origin discrimination. In the absence of direct evidence of discrimination, courts analyze ADEA and Title VII discrimination claims according to the burden-shifting framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  *See, e.g., Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir.2008); *Coghlan v. Am. Seafoods Co. LLC*, 413 F.3d 1090, 1093-94 (9th Cir. 2005); *Aragon v. Republic Silver State Disposal, Inc.*, 292 F.3d 654, 658-59 (9th Cir. 2003). Under the *McDonnell Douglas* framework, a plaintiff must first make out a prima facie case of discrimination.  *See Coghlan*, 413 F.3d at 1093-94.  To do this, "a plaintiff must offer proof: (1) that the plaintiff belongs to a class of [protected persons]; (2) that the plaintiff performed his or her job satisfactorily; (3) that the plaintiff suffered an adverse employment action; and (4) that the plaintiff's employer treated the plaintiff differently than a similarly situated employee who does not belong to the same protected class as the plaintiff." *Cornwell v. Electra Cent. Credit Union*,

439 F.3d 1018, 1028 (9th Cir. 2006) (citing *McDonnell Douglas*, 411 U.S. at 802). If a plaintiff makes out a prima facie case, "the burden then shifts to the employer to articulate a legitimate, non-discriminatory reason for its adverse employment action." *Diaz*, 521 F.3d at 1207. "If the employer satisfies its burden, the employee must then prove that the reason advanced by the employer constitutes mere pretext for unlawful discrimination." *Id.*

A plaintiff can prove pretext either "(1) indirectly, by showing that the employer's proffered explanation is 'unworthy of credence' because it is internally inconsistent or otherwise not believable, or (2) directly, by showing that unlawful discrimination more likely motivated the employer." *Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1127 (9th Cir. 2000). However, a plaintiff's indirect evidence must be both specific and substantial to overcome the legitimate reasons put forth by an employer. *Aragon*, 292 F.3d at 659. Furthermore, "[w]hile the burden of production may shift, the 'ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.' " *Id.* (quoting *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)).

McClain maintains that he has established prima facie cases of discrimination based on age, race, and national origin. *See* Pl.'s Opp. at 19-20. Neither party disputes that McClain is a member of the relevant protected classes. McClain is a Caucasian male who was 66 years-old when he was terminated by Clark County. In addition, while McClain is a United States citizen, he was born and raised in Western Canada. Further, neither party disputes that the plaintiff suffered an adverse employment action: he was terminated from his employment. Accordingly, the only prima facie elements at issue are the second and fourth: whether McClain performed his job satisfactorily and whether Clark County treated him differently than a similarly situated employee who does not belong to the same protected class as the plaintiff.

The plaintiff concedes that Clark County has articulated a "legitimate, non-discriminatory reason" for McClain's termination. McClain, therefore, bears the burden of showing a material

6

1  issue of fact that Clark County's stated reason is mere pretext for discrimination.  In the pretext
2  stage, McClain alleges that Clark County engaged in a pattern and practice of discriminatory
3  behavior and misconduct directed towards McClain because of his age, race, and national origin.
4  McClain claims Alvarez, the plaintiff's manager, "attempted to systematically remove older,
5  experienced Caucasian inspectors . . . [in order] to replace them with younger, less experienced,
6  less qualified individuals almost exclusively from the Asian/Pacific Islander ethnic group." *Id.* at
7  23.  Further, McClain claims Alvarez "meticulously crafted a file against McClain, exaggerating
8  some claims of wrongdoing, fabricating others." *Id.* at 2.

As will be discussed below, summary judgment is appropriate because McClain failed to demonstrate any genuine issue of material fact regarding any of his discrimination claims. McClain neither demonstrated a triable issue of fact that he was performing his job satisfactorily at the time of his termination nor that Clark County treated him differently than similarly situated employees who do not belong to the same protected class as McClain.  Consequently, McClain failed to establish prima facie cases of age, race, or national origin discrimination.  Even assuming McClain established prima facie cases of discrimination, McClain failed to demonstrate that Clark County's proffered reasons for McClain's termination are mere pretext for unlawful discrimination.

**Job Performance**

McClain has failed to demonstrate a triable issue of fact regarding the second element of his prima facie case for discrimination, that he was performing his job satisfactorily at the time of his termination.  Clark County maintains that McClain's termination was the culmination of a series of disciplinary actions.  Thompson reviewed several documents regarding McClain's work performance prior to recommending his termination.  Discipline and performance evaluations issued between 2005 and 2007 indicate McClain received a Documented Oral Warning, 2 Admonishments, and 3 Written Reprimands for various workplace infractions.  Furthermore, between 2005 and 2007, McClain received Employee Performance Reports maintaining McClain,

among other things, continuously refused to follow workplace policies and procedures. Ultimately, however, Thompson recommended McClain's termination for failing to follow the approved plans on a construction project and for approving a structure to be built without proper structural review. *See* Exhibit G to Def.'s Mot. Summ. J. This incident, a result of McClain's failure to perform in accordance with the defendant's procedures and standards, caused Clark County unnecessary additional time and expense.

The Court concludes, and McClain concedes, that Clark County has articulated a "legitimate, non-discriminatory reason" for McClain's termination. Given that Clark County has done so, McClain bears the burden of showing a material issue of fact that Clark County's stated reason is a pretext for discrimination. In order to establish a material issue of fact regarding his job performance, McClain relies, in part, on his past satisfactory performance evaluations. From 1995 to 2005, prior to Alvarez's promotion, McClain routinely earned ratings of "meritorious or "exceeds meritorious," the highest ranking for performance evaluations. *See* Exhibit 3 to Pl.'s Opp. In addition, each year during this period, McClain received a merit salary adjustment of at least four percent in recognition of his performance. *Id.* However, after Clark County promoted Alvarez from Inspector to Assistant Manager of Off-Site Construction, McClain began receiving adverse performance evaluations and admonishments. McClain alleges the unfavorable evaluations and admonishments were unwarranted and motivated by Alvarez's discriminatory disposition. Consequently, McClain claims Alvarez created a "trail of false and exaggerated misdeeds" in order to convince his superiors to terminate McClain's employment. *See* Pl.'s Opp. at 2.

In light of his prior meritorious evaluations, McClain argues this Court should infer that Clark County intentionally discriminated against the plaintiff. In effect, McClain maintains that Clark County's proffered explanation for his termination is "unworthy of credence" because the recent disciplinary actions and adverse performance evaluations are inconsistent with his prior

8

work performance and not believable.  As a result, McClain argues Clark County's "legitimate, non-discriminatory reason" for his termination is mere pretext for unlawful discrimination.  The Court, however, cannot conclude from McClain's older evaluations that he was performing his job satisfactorily at the time of termination.  Although the Court recognizes that McClain was more than capable of performing satisfactorily, he was terminated almost two years after his last meritorious evaluation.  As a result, the Court cannot infer from the proffered evidence that McClain's job performance was satisfactory at the time of his termination.

In addition, McClain relies on statements made by Alvarez referring to the plaintiff as an "old dog" in payday meetings to establish a discriminatory pretext for his termination.  However, stray remarks and comments made by non-decision makers that are unrelated to the decisional process are "insufficient to establish discrimination." *See Merrick v. Farmers Ins. Group*, 892 F.2d 1434, 1438 (9th Cir. 1990).  Similarly, ambiguous comments not tied directly to an employee's termination are also insufficient to create an inference of age discrimination. *See Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 918-19 (9th Cir. 1996).

The Court cannot conclude that Alvarez's "old dog" remark constitutes anything greater than a stray remark that does not raise an inference that McClain's termination, years after the comment was made, was motivated by a discriminatory animus.  Alvarez's single, isolated comment was simply a "stray remark" made by a non-decision maker and was unrelated to McClain's termination.  The undisputed evidence indicates Thompson, rather than Alvarez, terminated McClain years later based on an extensive review of McClain's daily diaries, scheduled inspections, and GPS records that yielded inconsistencies.  Therefore, McClain's reliance on the "old dog" remark fails to demonstrate a triable issue, based on specific and substantial evidence, that Clark County's legitimate, non-discriminatory reason is mere pretext for unlawful discrimination based on age.

Similarly, the plaintiff argues this Court should infer that Clark County intentionally discriminated against the plaintiff because of his national origin.  The plaintiff relies on a reference made by Alvarez to the effect of McClain being a "crazy Canadian."  For the same reasons elaborated above, McClain's argument fails.  Although Dorr Bundy testified to hearing the statement, the Court cannot conclude that Alvarez's "crazy Canadian" remark constitutes anything greater than a stray remark that does not raise an inference that McClain's termination was motivated by a discriminatory animus against Canadians.  McClain's reliance on the "crazy Canadian" remark, which was uttered in an unspecified context, fails to establish the sufficient relationship between the comment and his termination necessary to create an inference of national origin discrimination.  Therefore, McClain's reliance on the "crazy Canadian" remark fails to demonstrate a triable issue, based on specific and substantial evidence, that Clark County's legitimate, non-discriminatory reason is mere pretext for unlawful discrimination based on national origin.

Furthermore, McClain argues that his supervisor, Robinson, denied him training opportunities because of his age yet regularly and routinely scheduled younger workers for various training classes.  *See* Aff. of Gary McClain ¶ 15.  McClain maintains this shows that Clark County's proffered explanation for his termination is "unworthy of credence," and, in reality, his termination was motivated by a discriminatory animus.  According to McClain, Robinson told him he did not need additional American Concrete Institute training because he was "too old," and, as a result, McClain was never scheduled for it.  However, McClain's statement is contrary to the documentary evidence involving McClain on this issue.  In e-mail correspondence between McClain and Robinson, Robinson explained to McClain that he was scheduled to attend the next set of ACI classes.  However, McClain did not attend those classes because he was terminated prior to their occurrence.  Therefore, McClain has not offered facts, based on specific and

substantial evidence, raising an inference that Clark County's legitimate, non-discriminatory reason is mere pretext for unlawful discrimination.

In addition, McClain argues this Court should infer that his poor performance evaluations and termination were motivated by a discriminatory animus based upon Alvarez's alleged attempt to systematically remove older, experienced Caucasian inspectors in the Clark County Department of Development Services and primarily replace them with young Filipino people. However, the plaintiff relies solely on speculation. McClain failed to provide any evidence that McClain's termination was an attempt to manufacture a position for a "younger, less experienced, less qualified" individual from the Asian/Pacific Islander ethnic group. Consequently, McClain has failed to "set forth non-speculative evidence" sufficient to raise an inference that Clark County's legitimate, non-discriminatory reason is mere pretext for unlawful discrimination.

Relatedly, the Court cannot infer intentional age, race, or national origin discrimination based on the hiring of other inspectors. While McClain relies exclusively on "mere speculation, conjecture or fantasy," Clark County offers concrete evidence showing that it had adopted and followed a non-discriminatory hiring procedure that incorporates checks and balances to prevent such illegality. *See O.S.C. Corp. v. Apple Computer, Inc.*, 792 F.2d 1464, 1467 (9th Cir. 1986). Alvarez and Thompson testified that the hiring process of Construction Management Inspectors involved HR reviewing the applications for minimum qualifications and eligibility, interview panels being selected without knowledge of the applicants, interview panels changing, the questions asked during the interview being submitted to and approved by HR, and the interview panel selecting the applicant that did the best in the interview. *See* Alvarez Depo. at 53:3-20; *see also* Thompson Depo. at 42-55. Further, in support of a non-discriminatory hiring process, Clark County offered evidence that three of the four new inspectors hired following McClain's termination were over the age of 40, which is inconsistent with Plaintiff's age discrimination allegation. *See* Exhibit P to Def.'s Mot. Summ. J. Therefore, McClain's allegation of a

discriminatory hiring process fails to demonstrate a triable issue, based on specific and substantial evidence, that Clark County's legitimate, non-discriminatory reason is mere pretext for unlawful discrimination.

In sum, even viewing the evidence as a whole in the light most favorable to McClain, he failed to carry his burden and demonstrate a triable issue of fact that he performed his job satisfactorily. Accordingly, summary judgment is proper because McClain failed to establish the second element of his claims and, consequently, failed to establish prima facie cases of age, race, and national origin discrimination.

**Treatment of Similarly Situated Employees**

McClain claims that other employees, mainly younger Filipino and Asian/Pacific Islander employees, with qualifications comparable to his were treated more favorably by Clark County. "[I]ndividuals are similarly situated when they have similar jobs and display similar conduct." *Vasquez v. County of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003). McClain has not, however, demonstrated a triable issue of fact that Clark County treated the plaintiff differently than similarly situated employees who do not belong to the same protected class as the plaintiff.

McClain first alleges "older Caucasian inspectors were given significantly more work with more arduous travel requirements" and were constantly monitored by supervisors while younger Filipino and Asian/Pacific Islander employees were not. *See* Pl.'s Opp'n at 25. McClain, however, has failed to provide non-speculative evidence sufficient to establish that he was treated less favorably than any "similarly situated" employee outside of McClain's protected classes. Further, Thompson testified that another employee, Employee B, with qualifications similar to McClain's was also terminated for: failure to provide proper inspections, willful disregard for policies and procedures, diminishing performance regarding inspections and documentation, poor judgment regarding policy, and failure to meet minimum expectations regarding performing inspections. *See* Exhibit S to Def.'s Mot. Summ. J.

For similar reasons, McClain's second argument that Filipinos were treated differently than other inspectors with regard to lunch policy and discipline also fails.  The plaintiff relies solely on his allegation that Alvarez selectively reprimanded employees when, in fact, there is evidence to the contrary.  An Asian/Pacific Islander employee, Employee X, received a Documented Oral Warning in 2007 and an Admonishment in 2008.  The Admonishment was for falsifying records; failing to provide scheduled and adequate inspections; and failure to follow County and other policies regarding, in part, long meal breaks, using County time for personal business, and poor judgment.  *See* Exhibit B to Def.'s Reply to Opp'n.  Additionally, Employee Y who is Asian/Filipino received two Written Reprimands in 2008 and 2009.  The first Written Reprimand pertained, in part, to extended work/meal breaks and the second Written Reprimand was for extended meal breaks, using County time and equipment for personal business, and exceeding posted speed limits.  *Id.*  As a result, McClain has failed to demonstrate a genuine issue of material fact that Filipinos and Asian/Pacific Islanders were not disciplined or reprimanded for similar violations for which McClain was disciplined.  Accordingly, summary judgment is proper because McClain also failed to establish the fourth element of his claims and, consequently, for this additional reason he has failed to establish prima facie cases of age, race, and national origin discrimination.

### Cat's Paw Theory

Lastly, the court is not persuaded by the plaintiff's cat's paw theory for liability.  Although Alvarez did not directly make the decision to terminate McClain, McClain argues that Clark County can be liable for McClain's termination because "Mr. Alvarez prepared all of the documentation upon which the decision makers relied in making the decision to fire McClain." *See* Pl.'s Opp. at 25.  If a supervisor performs an act motivated by a discriminatory bias that is intended by the supervisor to cause, and does proximately cause, an adverse employment action, then the employer is liable under the cat's paw theory of liability.  *See Staub v. Proctor Hosp.*, 131

S. Ct. 1186, 1194 (2011). In the instant case, however, summary judgment is proper because McClain failed to demonstrate a genuine issue of material fact establishing that Alvarez's alleged discriminatory animus did, in fact, cause McClain's termination.

To establish this theory, McClain must demonstrate a triable issue that Alvarez set in motion Thompson's decision to terminate McClain's employment and that Alvarez "influenced or was involved in the decision or decisionmaking process." *See Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1061 (9th Cir. 2011) (internal citations omitted). In support of his claim, McClain alleges "Alvarez forced Koksha, McClain's immediate supervisor, to provide negative evaluations" of McClain's performance. *See* Pl.'s Opp. at 9. Additionally, McClain claims Alvarez doctored Clark County's GPS records, "manufacturing a false record of McClain's vehicular usage that failed to match the information accurately recorded in McClain's daily diary entries." *Id.* at 6. As a result, McClain claims Alvarez convinced Thompson to recommend terminating McClain's employment via Thompson's review of these deceitful documents in order to create opportunities for younger, Asian/Pacific Islander inspectors. *Id.*

McClain's allegations, without more, are not enough to sustain his burden sufficient to avoid summary judgment. "[I]f an adverse employment action is the consequence of an entirely independent investigation by an employer, the animus of the retaliating employee is not imputed to the employer." *Poland v. Chertoff*, 494 F.3d 1174, 1183 (9th Cir. 2007). As mentioned above, Thompson recommended McClain's termination for failing to follow the approved plans on a construction project and for approving a structure to be built without proper structural review. *See* Exhibit G to Def.'s Mot. Summ. J. Accordingly, McClain's termination was the result of an "entirely independent investigation" concerning McClain's conduct as to the mismanaged construction project. Although Thompson reviewed several documents regarding McClain's work performance prior to recommending his termination, McClain has failed to provide sufficient evidentiary support to create a triable issue of fact whether Thompson was manipulated by

14

Alvarez.  McClain's allegation that Koksha rewrote McClain's evaluations per Alvarez's dialogue fails to create a triable issue of fact.  There is no evidence to suggest that Alvarez singled out McClain; there is no evidence to suggest that Alvarez re-wrote, or caused Koksha to only re-write, McClain's evaluations, or only the evaluations of older, Caucasian inspectors' evaluations.  In addition, for the court to find liability based on McClain's unsupported allegation that Alvarez doctored the GPS records would require undue speculation.  "To survive summary judgment, a plaintiff must set forth non-speculative evidence of specific facts, not sweeping conclusory allegations."  *See Cafasso*, 637 F.3d at 1061.  McClain failed to do so.  McClain did not provide any evidence that Thompson was influenced by a subordinate's discriminatory bias and, as a result, the court cannot infer that McClain's termination was proximately caused by a discriminatory bias.  Therefore, McClain failed to demonstrate any genuine issue of material fact regarding his cat's paw theory for liability.

For the reasons stated herein,

THE COURT HEREBY ORDERS that Clark County's Motion for Summary Judgment (#37) is GRANTED.

Dated this ___10___ day of August, 2012.

_____
Lloyd D. George
United States District Judge

15